**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ADRIAN DWANE CRAWFORD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 09-CV-0152-CVE-PJC** |
| | ) | |
| **DANNY HORTON, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

Before the Court is the petition for writ of habeas corpus (Dkt. # 1) filed by Petitioner Adrian Dwane Crawford, a state inmate appearing pro se. Respondent filed a response (Dkt. # 8) and provided the state court records (Dkt. ## 8, 9, and 10) necessary for adjudication of Petitioner's claims. Petitioner filed a reply (Dkt. # 12) to Respondent's response. In addition, Petitioner filed a "motion seeking status update" (Dkt. # 17). For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be denied. Petitioner's motion for an update shall be declared moot.

## *BACKGROUND*

During the evening of February 10, 2004, Michelle Cox drove her car to a shopping center located at 81st Street and South Lewis Avenue in Tulsa, Oklahoma, to pick up a food order she had placed at Zio's, a restaurant located in the shopping center. Before picking up her food, Ms. Cox stopped at a liquor store located a few shops away from the restaurant. Two male customers were also present in the liquor store. One approached her and started talking to her. He was staring at her and making her feel uncomfortable. After the two men left the store, she completed her purchase and, because of her uncomfortable encounter, asked the clerk to escort her to her car. She drove her

car out of the parking lot, but then immediately returned to pick up her food at Zio's. As she walked to her car with her food, she was grabbed from behind and pushed to the ground so that she was on her back. Two men were present. One sat on top of her. He ripped open her shirt, put his hands under her bra and touched and groped her breasts. The other man held her feet. Ms. Cox was able to pull a can of mace out of her jacket pocket and she sprayed it. The men ran away. Once she got home, she called her husband and the police. Although she was unable to identify her assailant in a photo lineup, she told police investigators that she was positive that the man who sat on top of her, groping her breasts, was the same man who talked to her in the liquor store.

Based on the results of a police investigation, including review of the surveillance video from the liquor store, Petitioner Adrian Crawford and his co-defendant Granville Dwayne Taylor, were arrested and charged with Attempted Rape, in Tulsa County District Court, Case No. CF-2004-705. Petitioner was tried by a jury. His co-defendant testified as a witness for the State. At the conclusion of trial, he was found guilty as charged. On November 14, 2005, Petitioner was sentenced in accordance with the jury's recommendation to seventeen (17) years imprisonment and fined $5,000. At trial, Petitioner was represented by attorney Brian Martin.

Petitioner appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals (OCCA). On direct appeal, Petitioner was represented by attorney Stuart Southerland. Petitioner raised the following propositions of error:

Proposition 1:  The jury was improperly instructed as to the offense of "Attempted Rape."
a)  The Oklahoma Legislature did not intend to punish the offense of "attempted rape" under the general attempt statute.
b)  The jury was not instructed as to the proper range of punishment.

Proposition 2:  While the evidence presented at trial was sufficient to establish the lesser offense of sexual battery, the evidence was insufficient to support a conviction for attempted rape.

Proposition 3:   It was error to deny Appellant's motion for a mistrial after his actions demonstrated his lack of competency to continue with his jury trial.

Proposition 4:   The jury was exposed to enough irrelevant and prejudicial information to justify reversal or modification.

Proposition 5:   Appellant received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.

Proposition 6:   Instances of prosecutorial misconduct prejudiced Appellant and denied his right to receive a fair trial pursuant to the Fourteenth Amendment to the United States Constitution.

Proposition 7:   The combined error at trial resulted in an excessive sentence which should be modified.

(Dkt. # 8, Ex. 1). On February 21, 2007, in Case No. F-2005-1179, the OCCA entered its

unpublished summary opinion affirming Petitioner's Judgment and Sentence.  See Dkt. # 8, Ex. 3.

On June 14, 2007, Petitioner filed an application for post-conviction relief in the state district

court. See Dkt. # 8, Ex. 4. He raised the following five (5) propositions of error:

Proposition 1:   Petitioner's trial and appellate counsel were ineffective for not recognizing assault with intent to commit rape as a lesser-included offense.

Proposition 2:   Petitioner was denied a post-examination competency hearing, in violation of his right to due process.

Proposition 3:   Petitioner was denied due process of law when the jury was not instructed on the statutory limit on parole eligibility for the crime of attempted first degree rape.

Proposition 4:   The trial court showed prejudice against the petitioner, constituting an abuse of discretion.

Proposition 5:   The petitioner was denied the effective assistance of appellate counsel, in violation of the Sixth Amendment.

(Dkt. # 8, Ex. 4).  By order signed August 13, 2007, filed August 22, 2007, and amended October

26, 2007, the trial court denied post-conviction relief. See Dkt. # 8, Ex. 5 at 2.  Petitioner appealed.

3

By order filed February 25, 2008, in Case No. PC-2007-913, the OCCA affirmed the denial of post-conviction relief. Id.

Petitioner commenced the instant habeas corpus action by filing his petition on March 17, 2009.  See Dkt. # 1.  Grounds 1-7 are identical to the claims raised on direct appeal.  Grounds 8-12 appear to be identical to the claims raised in Petitioner's application for post-conviction relief. See Dkt. # 1. In response to the petition, Respondent argues that Petitioner is not entitled to habeas corpus relief.  See Dkt. # 8.

*ANALYSIS*

**A.  Exhaustion**

As an initial matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent states that Petitioner has exhausted his state court remedies.  The Court agrees.  Petitioner presented his habeas claims to the OCCA on direct and post-conviction appeal.

**B.  Evidentiary hearing**

The Court finds that an evidentiary hearing is not warranted as Petitioner has not met his burden of proving entitlement to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000); Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998).

**C.  Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable

4

application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In this case, the OCCA adjudicated grounds 1-7 on direct appeal. In addition, the OCCA adjudicated Petitioner's claims of ineffective assistance of appellate counsel, grounds 8 and 12, on post-conviction appeal. Therefore, those claims will be reviewed pursuant to § 2254(d).

**1. Improper jury instruction (ground 1)**

As his first ground of error, Petitioner complains that the jury was improperly instructed as to the crime of "attempted rape." See Dkt. # 1. He claims that the Oklahoma legislature did not intend for the crime to be prosecuted under the general attempt statute, Okla. Stat. tit. 21, § 42, and that the instruction failed to describe the proper range of punishment. Id. On direct appeal, the OCCA rejected these claims, as follows:

> [W]e find Appellant was properly prosecuted under the general attempt statute, 21 O.S. 2001, § 42. *Messick v. State*, 2004 OK CR 3, ¶ 15, 84 P.3d 757, 762 (§ 42 only applies where our criminal code does not contain a separate provision applying to the specific kind of attempt charged). *See also Pierce v. State*, 1988 OK CR 294, 766 P.2d 365; *Rosteck v. State*, 1988 OK CR 11, 749 P.2d 556; *Williams v. State*, 1983 OK CR 45, 661 P.2d 911; *Clark v. State*, 1981 OK CR 20, 625 P.2d 119; *Reeves v.*

*State*, 1977 OK CR 143, 567 P.2d 503; *Moulton v. State*, 1970 OK CR 154, 476 P.2d 366 (in all cases the crime of attempted rape was prosecuted under the general attempt statute). Assault with intent to commit the crime of rape under 21 O.S. 2001, § 681 is usually considered a lesser included offense of a § 42 attempted rape prosecution. *See Woodruff v. State*, 74 Okla. Crim. 289, 125 P.2d 211 (1942); *Temple v. State*, 71 Okla. Crim. 301, 111 P.2d 524 (1941); *Brockman v. State*, 60 Okla. Crim. 75, 61 P.2d 273 (1936).

Further, the trial court appropriately instructed the jury on the range of punishment. *See Matthew v. Raines*, 1960 OK CR 90, ¶¶ 14-16, 356 P.2d 783, 786 (punishment for attempt to commit first degree rape punishable by imprisonment in the state penitentiary for any term not exceeding one-half of the longest term of imprisonment fixed for a conviction of rape in the first degree. *See also Stringfellow v. State*, 1987 OK CR 233, ¶ 6, 744 P.2d 1247, 1280; *Hines v. State*, 1976 OK CR 325, ¶ 4, 557 P.2d 917, 918 (in the prosecution for an attempted crime, the minimum sentence remains he same as that for the completed crime). The trial court properly refused the jury's request for further definition of the maximum sentence. Any questions concerning the numerical value to be given half of a life sentence was for the jury's determination only.

(Dkt. # 8, Ex. 3 at 2-3).

In this proposition of error, Petitioner challenges the state courts' interpretation and application of state law. "[I]t is not the province of a federal habeas court to reexamine state court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67–68 (1991); see also Hooks v. Workman, 606 F.3d 715, 748 (10th Cir. 2010). In conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle, 502 U.S. at 67-68. "In a habeas proceeding claiming a denial of due process, 'we will not question the evidentiary . . . rulings of the state court unless [the petitioner] can show that, because of the court's actions, his trial, as a whole, was rendered fundamentally unfair.'" Maes v. Thomas, 46 F.3d 979, 987 (10th Cir. 1995) (quoting Tapia v. Tansy, 926 F.2d 1554, 1557 (10th Cir. 1991)). "[W]e approach the fundamental fairness analysis with 'considerable self-restraint.'" Jackson v. Shanks, 143 F.3d 1313, 1322 (10th Cir. 1998) (quoting United States v. Rivera, 900 F.2d 1462, 1477 (10th Cir. 1990) (*en banc*)). A proceeding is fundamentally unfair under the Due Process

Clause only if it is "shocking to the universal sense of justice." United States v. Russell, 411 U.S. 423, 432 (1973) (internal quotation omitted). Also, to the extent Petitioner challenges the instructions given to his jury, generally, "errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting Long v. Smith, 663 F.2d 18, 23 (6th Cir. 1981)); see also Maes, 46 F.3d at 984 ("A state trial conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial.").

Because Petitioner's first ground of error challenges the state courts' interpretation of state law, this proposition of error is not cognizable in this federal habeas corpus action.  To the extent Petitioner claims to have been deprived of due process as a result of the instructions given to his jury, he has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, clearly established federal law, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented at trial. 28 U.S.C. § 2254(d)(1),(2). Petitioner is not entitled to habeas corpus relief under § 2254(d) on this ground of error.

### 2.  Sufficiency of the evidence (ground 2)

In ground 2, Petitioner argues that while the evidence was sufficient to establish the offense of sexual battery, the evidence was insufficient to support a conviction for attempted rape. On direct appeal, the OCCA rejected this claim, finding as follows:

[W]hen the evidence is reviewed in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime of attempted first degree rape beyond a reasonable doubt. *See Easlick v. State*, 2004 OK CR 21, ¶ 15, 90 P.3d 556, 559. This case is distinguishable from *Rosteck v. State*, 1988 OK CR 11, 749 P.2d 556, relied upon by Appellant. Here, the victim was physically restrained as Appellant sat on her and he was in the process of groping her breasts when he was induced to abruptly halt that activity due to the victim's conduct. The victim and the co-defendant both testified they thought a rape was to be committed. Therefore, it is reasonable to infer that Appellant's conduct would have "apparently resulted," "in the usual and natural course of events, if not hindered by extraneous causes, in the commission of first degree rape.

Contrary to Appellant's claim, his actions did not constitute merely a sexual battery pursuant to 21 O.S. Supp. 2003, § 1123(B). The jury was given an instruction on sexual battery as a lesser included offense of first degree attempted rape. Evidence of Appellant's violent, forceful actions toward the victim, combined with the fact that his conduct was brought to an end only by the victim's actions and not at his own volition, supports the fury's finding that Appellant's conduct went beyond that of sexual battery.

(Dkt. # 8, Ex. 3 at 3-4).

In a habeas proceeding, the Court reviews the sufficiency of the evidence "in the light most favorable to the prosecution" and asks whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This standard of review respects the jury's responsibility to weigh the evidence and to draw reasonable inferences from the testimony presented at trial." Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004) (citing Jackson, 443 U.S. at 319). In other words, it "impinges upon 'jury' discretion only to the extent necessary to guarantee the fundamental protection of due process of law." Jackson, 443 U.S. at 319. The Court must determine whether the OCCA reasonably applied Jackson in its rejection of Petitioner's insufficient evidence claim.

Upon review of the evidence in the light most favorable to the prosecution, the Court finds that the evidence was sufficient for a rational fact-finder to have found beyond a reasonable doubt that Petitioner was guilty of First Degree Attempted Rape. Under Oklahoma law, to convict

Petitioner of First Degree Attempted Rape, the State had to prove beyond a reasonable doubt that Petitioner formed the specific intent to commit the crime of Rape, and that he performed a perpetrating act or acts toward committing the crime of rape, but was prevented from committing that crime. See OUJI-CR2d 2-11; Dkt. # 10-8, O.R. at 180, Instruction No. 30. The elements of the underlying crime, first degree rape, are: first, sexual intercourse; second, with a person who was not the spouse of the defendant; and third, where force or violence was used against the victim and the defendant had the apparent power to carry out the threat of force or violence. See OUJI-CR2d 4-120; Okla. Stat. tit. 21, § 1111(A); Dkt. # 10-8, O.R. at 182, Instruction No. 32.

Contrary to Petitioner's allegations, the prosecution presented sufficient evidence to support each of the elements of First Degree Attempted Rape. The victim described how she was grabbed and thrown down in the parking lot of the restaurant, Petitioner sat on top of her, ripped open her blouse, and put his hands under her bra so that he could grab and fondle her breasts. See Dkt. # 10-10-2, Tr. Trans. at 363-67. He stopped his efforts only when the victim sprayed a can of mace. Id. at 369. Both the victim and Petitioner's co-defendant testified that they thought Petitioner was going to rape the victim. Id. at 376; Dkt. # 10-4, Tr. Trans. at 539. The Court concludes that the evidence was sufficient to support Petitioner's conviction, and the OCCA's resolution of Petitioner's challenge to the sufficiency of the evidence was not contrary to or an unreasonable application of federal law, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Tenth Circuit has yet to decide whether sufficiency of the evidence on habeas review presents a question of law or fact). Petitioner is not entitled to habeas corpus relief on his insufficient evidence claim.

### 3.  Erroneous denial of motion for a mistrial (ground 3)

In ground 3, Petitioner alleges that the trial judge abused his discretion in denying

Petitioner's motion for a mistrial after his actions in the courtroom demonstrated his lack of

competency.  In denying relief on this claim, the OCCA ruled as follows:

> Contrary to Appellant's claim, three incidents at trial (an outburst which occurred
> outside the presence of the jury and two incidents of talking or laughing during
> closing arguments) were not sufficient to raise a doubt as to Appellant's competency
> to stand trial.  The record in this case shows that the trial judge appropriately focused
> on maintaining order in the proceedings while also balancing Appellant's right to be
> present with the need to shield the jury from any aberrant behavior.  That the trial
> judge did not see the incident as raising a doubt as to Appellant's competence does
> not show an improper focus on punishment as claimed by Appellant.  Rather, it was
> a fair and reasonable evaluation of the events.  The trial judge is to be given great
> deference in assessing a defendant's demeanor.
>
> The fact that Appellant had been found in need of treatment prior to trial is
> not in itself sufficient to raise a doubt as to his competency.  Upon his return to
> competency, and the resumption of proceedings, the competency issue was not raised
> again until the third day of trial when Appellant's outburst occurred.  No information
> or evidence was presented at trial or on appeal showing that the finding of the return
> to competence had elapsed or failed or somehow ceased by the time of trial.  The
> record shows the judge carefully monitored Appellant's behavior throughout trial
> and made a clear record of Appellant's conduct.  The court's determination that three
> incidents occurring during a four day trial did not warrant an inquiry into Appellant's
> competence was clearly supported by the record.

(Dkt. # 8, Ex. 3 at 4-5).

Petitioner's claim challenging the trial court's denial of a mistrial is not cognizable in this

habeas corpus proceeding unless Petitioner demonstrates that the ruling rendered his trial

fundamentally unfair. See Payne v. Tennessee, 501 U.S. 808, 825 (1991). Petitioner complains that

the trial judge was concerned only with maintaining order in the courtroom and failed to consider

his disruptive behavior as symptomatic of a lack of competence. The Court has carefully reviewed

the trial record.  On the first day of trial, prior to beginning voir dire, defense counsel reviewed

Petitioner's lengthy history of mental illness and treatment, but only in arguing for suppression of

10

his confession based on an unknowing and involuntary waiver of his rights under <u>Miranda</u>.[1]  <u>See</u> Dkt. # 10, Tr. Trans. at 6-22. He did not argue that Petitioner was presently incompetent. <u>Id.</u> The trial proceeded smoothly until the third day of trial.  On that day, Petitioner caused a disturbance while he was using the restroom.  <u>See</u> Dkt. # 10-3, Tr. Trans. at 454-74.  Significantly, the disturbance did not occur in the presence of the jury. <u>Id.</u>  The record reflects the trial judge's concern with Petitioner's right to be present during all stages of trial balanced with the need to maintain order in the courtroom. <u>Id.</u> at 468-69. He heard argument from both defense counsel and the State concerning the impact of the disturbance on the jury.  Defense counsel did not voice concerns about Petitioner's competence.  <u>Id.</u> Once the trial resumed, the record reflects that Petitioner remained calm, <u>see id.</u> at 570; Dkt. # 10-4, Tr. Trans. at 645-46, and there were no further incidents until the State's final closing argument when Petitioner burst out laughing.  <u>See</u> Dkt. # 10-6, Tr. Trans. at 785.  After the jury left the courtroom to begin deliberations, the trial judge noted his observation that Petitioner was also laughing and engaged with members of the audience before the jury came in and as they were being seated.  <u>Id.</u> at 803. Upon review of the record, the Court agrees with the OCCA's assessment that the three incidents were not sufficient to raise a doubt as to Petitioner's competence.

Viewing the trial as a whole, the Court finds that Petitioner was not deprived of the basic guarantees of due process by the trial judge's denial of a mistrial. <u>See</u> <u>Scrivner v. Tansy</u>, 68 F.3d 1234, 1239-40 (10th Cir. 1995). Petitioner received a fundamentally fair trial. The Court notes that the evidence of guilt in this case was overwhelming. As a result, Petitioner has not demonstrated that

---

[1]<u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

he suffered prejudice as a result of the jurors' limited exposure to his disruptive behavior. The Court finds Petitioner is not entitled to habeas corpus relief on this claim.

### 4.  Evidentiary rulings (ground 4)

Next, Petitioner complains that his trial was rendered fundamentally unfair by the admission of other "irrelevant and prejudicial information." See Dkt. # 1. Specifically, he complains that Detective Rodney Russo, the investigating officer, was allowed to testify that the victim was assaulted "with the intent to rape her," that Detective Russo's testimony was a deliberate attempt to bolster a weak case, and that Detective Russo interjected an evidentiary harpoon when he testified that the liquor store clerk had said that Petitioner and his co-defendant had previously stolen liquor from the store. On direct appeal, the OCCA rejected this claim, finding that "in light of the strong evidence of guilt," Petitioner had failed to prove that he was prejudiced by the alleged errors. See Dkt. # 8, Ex. 3 at 5-6.  The OCCA also found that the trial court did not abuse its discretion in issuing an instruction on other crimes evidence. Id. at 6.

As discussed above, a habeas court "'will not question the evidentiary . . . rulings of the state court unless [the petitioner] can show that, because of the court's actions, his trial, as a whole, was rendered fundamentally unfair.'" Maes, 46 F.3d at 987 (quoting Tapia v. Tansy, 926 F.2d 1554, 1557 (10th Cir. 1991)).  After reviewing the trial transcripts, the Court finds that the OCCA's rejection of Petitioner's claim on direct appeal is neither contrary to, nor an unreasonable application of, these general principles. The OCCA's assessment of the strength of the State's case was accurate and its conclusion that Petitioner had failed to demonstrate that he suffered prejudice based on Detective Russo's testimony was not erroneous. Furthermore, even if the challenged testimony could be characterized as "other crimes evidence" or an "evidentiary harpoon," the admission of the

evidence did not render Petitioner's trial fundamentally unfair. Petitioner is not entitled to habeas corpus relief on this claim. 28 U.S.C. § 2254(d).

### 5. Ineffective assistance of trial counsel (ground 5)

Next, Petitioner claims that he received ineffective assistance of trial counsel. He claims that he was prejudiced by trial counsel's agreement to allow an unredacted videotape of Detective Russo's interview of his co-defendant to be seen by the jury. On direct appeal, the OCCA applied the two-pronged standard of Strickland v. Washington, 466 U.S. 686 (1984), and held that trial counsel did not perform deficiently with regard to the unredacted tape. See Dkt. # 8, Ex. 3 at 6-7. The OCCA further found that Petitioner failed to demonstrate that he suffered prejudice as a result of admission of the unredacted tape. Id. at 7.

Petitioner is not entitled to habeas corpus relief on his claim of ineffective assistance of trial counsel unless he demonstrates that the OCCA unreasonably applied Strickland. Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second

13

prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).  This Court's review of the OCCA's decision on ineffective assistance of counsel claims is "doubly deferential. " Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (noting that a habeas court must take a "highly deferential" look at counsel's performance under Strickland and through the "deferential" lens of § 2254(d)).

Petitioner cannot satisfy either prong of the Strickland standard. First, trial counsel's decision to proceed with playing the unredacted tape was based on the fact that the tape contained prior inconsistent statements by Petitioner's co-defendant Granville Taylor. Therefore, the decision reflected defense counsel's trial strategy.  Furthermore, assuming, without finding, that trial counsel performed deficiently in agreeing to allow admission of the unredacted tape, Petitioner cannot show that the results of the proceeding would have been different but for counsel's deficient performance. As a result, he has not satisfied the prejudice prong of the Strickland standard. The Court concludes that Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of federal law as determined by the Supreme Court.  28 U.S.C. § 2254(d). He has not overcome the doubly deferential standard applicable to ineffective assistance of counsel claims and he is not entitled to habeas corpus relief on this claim.

### 6.  Prosecutorial misconduct (ground 6)

In his sixth proposition of error, Petitioner argues that he was denied his right to a fair trial as a result of prosecutorial misconduct.  Specifically, he claims that during closing argument, the

prosecutor impermissibly commented on his failure to testify and appealed to the sympathy of the jury.  As there were no contemporaneous objections to the comments, the OCCA reviewed these allegations for plain error and found that "the prosecutor did not unequivocally call attention to the failure of Appellant to testify, but rather argued in closing argument that the evidence was uncontroverted."  See Dkt. # 8, Ex. 3 at 7.  The OCCA further found that the prosecutor "did not 'impermissibly and unnecessarily' asked [sic] the jurors to sympathize with the victim . . . The statements were based on the evidence and were not merely appeals to sentiment and prejudice." Id. at 8.

It is improper for a prosecutor to comment on a defendant's decision to refrain from testifying at trial. See Griffin v. California, 380 U.S. 609, 615 (1965). If a prosecutor's remarks "'concern matters that could have been explained only by the accused, . . . [they] give rise to an innuendo that the matters were not explained because [petitioner] did not testify' and, thus, amount to indirect comment on the defendant's failure to testify." Pickens v. Gibson, 206 F.3d 988, 999 (10th Cir. 2000) (quoting United States v. Barton, 731 F.2d 669, 674 (10th Cir. 1984)). "A prosecutor, however, 'is otherwise free to comment on a defendant's failure to call certain witnesses or present certain testimony." Id. (quoting Trice v. Ward, 196 F.3d 1151, 1167 (10th Cir. 1999). The question is "'whether the language used [by the prosecutor] was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the defendant's right to remain silent.'" Id. at 998 (quoting United States v. Toro-Pelaez, 107 F.3d 819, 826-27 (10th Cir. 1997)). "Error in permitting the prosecutor to comment upon petitioner's right to silence is subject to a harmless error analysis." Id. (citing Brecht v. Abrahamson, 507 U.S. 619, 628-29 (1993)).

15

In this case, the record reflects that during closing argument, the prosecutor stated as follows:

> Ladies and gentlemen, there is a difference between disputed testimony and uncontroverted evidence.  There is uncontroverted evidence that the defendant was there that night.  There is uncontroverted evidence he was there.  Who tells you? Ms. Cox tells you that he was there.  And Granville corroborates that.  There is no one, there is no evidence to show differently.  None.

(Dkt. # 10-6, Tr. Trans. at 784).  Those comments were not improper.  Although the comments were clearly intended as comments on Petitioner's failure to call certain witnesses or present certain testimony, they did not concern matters that could have been explained only by Petitioner. For example, Petitioner's whereabouts at the time of the incident could arguably have been discussed by any person who was with him that evening or who saw him somewhere else during the relevant time period.  As a result, the comments were not of such character that the jury would naturally and necessarily take it to be a comment on the defendant's right to remain silent.  Petitioner is not entitled to habeas corpus relief on this claim.

In addition, Petitioner is not entitled to habeas relief on his claim that the prosecutor improperly appealed to the jury's sympathy.  He complains of the following comments by the prosecutor:

> Ladies and gentlemen, the minimum sentence is five.  This was a violent attack.  She got hurt.  She scraped her hand.  There is an injury.  But, ladies and gentlemen, moreover you watched her as she gradually talked to you about this event.  You saw how difficult it was for her over a year after it happened. And what does she tell you? I have spent every day trying to forget what happened to me.  I can't ask for a year for every day that she spent because the sentence does not go that high.  And perhaps this is not a maximum crime.  But it is not a minimum crime either.  This is not one to five years.  Ladies and gentlemen, we ask you to sentence the defendant to 15 years in prison.  Thank you.

(Dkt. # 10-6, Tr. Trans. at 792-93).

Habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. Donnelly v. DeChristoforo, 416 U.S. 637, 642-48; Cummings v. Evans, 161 F.3d 610, 618 (10th Cir. 1998)."To view the prosecutor's statements in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's statements plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999).

When viewed in light of the evidence presented at trial, the Court concludes that the referenced comments by the prosecutor did not tip the scales in favor of the prosecution to the detriment of Petitioner's constitutional rights.   The Court agrees with the OCCA that the prosecutor's comments were based on the evidence and were not improper appeals to sympathy. Petitioner is not entitled to habeas corpus relief as to the claims of prosecutorial misconduct adjudicated on direct appeal because he has failed to demonstrate that the OCCA's adjudication was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. See 28 U.S.C. § 2254(d).

### 7.  Ineffective assistance of appellate counsel (grounds 8 and 12)

In grounds 8 and 12, Petitioner argues that appellate counsel provided ineffective assistance. Specifically, in ground 8, he complains that appellate counsel failed to recognize assault with intent to commit rape as a lesser included offense of attempted rape.  In ground 12, he alleges appellate counsel provided ineffective assistance in failing to raise on direct appeal the claims identified in grounds 9, 10 and 11.  Those claims, first raised in Petitioner's application for post-conviction relief, are that Petitioner was denied a post-examination competency hearing, the trial judge failed to

instruct on the statutory limit on parole eligibility for the crime of attempted rape, and that the trial judge showed prejudice against Petitioner.   On post-conviction appeal, the OCCA rejected Petitioner's claim of ineffective assistance of appellate counsel, finding as follows:

> With regard to Petitioner's claims of ineffective assistance of appellate counsel, we find no basis for granting relief on this blanket claim of error.  As we have noted on numerous occasions, appellate counsel's failure to raise every conceivable, non-frivolous issue on direct appeal does not automatically constitute ineffective assistance of counsel.  *Carter v. State*, 1997 OK CR 22, ¶ 9-10, 936 P.2d 342, pp. 345-46.  Rather, the standard to be used in evaluating trial and appellate counsel's performance is determined under the general principles enumerated in *Strickland v. Washington*, 466 U.S. 688, 689, 104 S. CT. 2052, 2065, 80 L. Ed. 2d 674, 694 (1984). Respondent [sic] must show that counsel's performance was deficient and that the deficiency prejudiced him. We find nothing in the appeal record presented to this Court indicating that Petitioner's representation on direct appeal was deficient.

(Dkt. # 8, Ex. 5 at 3-4).

To be entitled to habeas corpus relief on his claim of ineffective assistance of appellate counsel, Petitioner must demonstrate that the OCCA unreasonably applied Strickland. As discussed above, the Strickland standard requires a defendant to show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687.  A federal habeas court may intercede only if the petitioner can overcome the "doubly deferential" hurdle resulting from application of the standards imposed by § 2254(d) and Strickland. Pinholster, 131 S. Ct. at 1403. When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999).  If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995)). If the issue has merit, the Court then must determine

whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394. The relevant questions for assessing a petitioner's claim of ineffective assistance of appellate counsel are whether appellate counsel was "objectively unreasonable" in failing to raise the omitted claims on appeal and, if so, whether there is a "reasonable probability that, but for his counsel's unreasonable failure" to raise the claims, petitioner "would have prevailed on his appeal."  Neill, 278 F.3d at 1057 (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (applying Strickland, 466 U.S. at 687-91)). For the reasons discussed below, the Court finds Petitioner has failed to demonstrate entitlement to relief under 28 U.S.C. § 2254(d).

### a.  failure to recognize lesser included offense

Petitioner alleges that appellate counsel provided ineffective assistance in failing to argue that his jury should have been instructed on the lesser included offense of "assault with intent to commit rape."  Respondent contends that Petitioner's argument "suffers from a fatal flaw -- there is no such crime in Oklahoma."  See Dkt. # 8 at 28. The Court disagrees with Respondent's position. The statute prohibiting assaults with intent to commit a felony, Okla. Stat. tit. 21, § 681, has been applied to charge perpetrators with assault with intent to commit rape.  See, e.g., Colbert v. State, 567 P.2d 996 (Okla. Crim. App. 1977); Harvey v. State, 485 P.2d 251 (Okla. Crim. App. 1971).  In fact, in resolving Petitioner's direct appeal, the OCCA specifically noted that assault with intent to commit the crime of rape under Okla. Stat. tit. 21, § 681, is usually considered a lesser included offense of a § 42 attempted rape.  See Dkt. # 8, Ex. 3. Nonetheless, under the facts of this case, the Court finds appellate counsel did not provide ineffective assistance of counsel in failing to challenge the omission of an instruction on that lesser included offense.  The trial judge did give an instruction on the crime of sexual battery. See Dkt. # 10-8, O.R. at 185-86. However, Petitioner's jury found

him guilty of the crime charged, attempted rape. In addition, appellate counsel argued vigorously on direct appeal that while the evidence was sufficient to prove the crime of sexual battery, it was insufficient to prove attempted rape. As discussed above in subsection 2, the OCCA rejected that argument. Petitioner cannot show that the result of his appeal would have been different had appellate counsel raised a claim based on the lack of an instruction on assault with intent to commit rape. Therefore, Petitioner cannot satisfy the Strickland standard and the 28 U.S.C. § 2254(d) standard.

### b.  failure to challenge denial of post-examination competency hearing

Petitioner claims that appellate counsel provided ineffective assistance in failing to raise a claim that he was denied a post-examination competency hearing.  The record reflects that after Petitioner was initially found to be incompetent, see Dkt. # 10-8, O.R. at 108-11, he received mental health treatment at the Oklahoma Forensic Center.  As a result of that treatment, Dr. Peter Rausch advised the trial judge, in a detailed report, See Dkt. ## 10-7 and 10-8, O.R. at 102-07, that Petitioner had regained competence. Nothing in the record suggests that a post-examination competency jury trial was held.  However, under Oklahoma law, "no examination and therefore no post-examination competency hearing would be required unless the court first makes the threshold finding that there is a doubt as to the defendant's present competency." Frederick v. State, 37 P.3d 908, 922 (Okla. Crim. App. 2001) (citing Hammon v. State, 999 P.2d 1082, 1094 (2000)). Under Okla. Stat. tit. 22, § 1175.4(B), a post-examination competency hearing has to be held as a jury trial only upon demand.

Furthermore, although federal law mandates that a criminal defendant may not be tried while incompetent, Godinez v. Moran, 509 U.S. 389, 396 (1993); Drope v. Missouri, 420 U.S. 162 (1975);

it does not mandate that state courts provide a post-examination competency hearing. Significantly, nothing in the record suggests that Petitioner contested the conclusion contained in Dr. Rausch's report or that he requested and was denied a post-examination competency jury trial.  Appellate counsel did not provide ineffective assistance in failing to raise a claim that Petitioner was denied a post-examination competency claim.

### c. failure to challenge lack of jury instruction on limitations on parole eligibility

Next, Petitioner claims that appellate counsel provided ineffective assistance in omitting a claim that the trial court erred in failing to instruct the jury on the 85% Rule. Under Oklahoma's 85% Rule, as applicable to the facts of this case, "[p]ersons convicted of: [f]irst degree rape . . . shall be required to serve not less than eighty-five percent (85%) of any sentence of imprisonment imposed by the judicial system prior to becoming eligible for consideration for parole." Okla. Stat. tit. 21, § 13.1 (2002).  At the time of Petitioner's trial, held October 4-7, 2004, an instruction on the 85% Rule was not required under Oklahoma law. On February 22, 2006, or more than a year after Petitioner's trial, the OCCA held that trial courts should instruct jurors on the 85% Rule prior to sentencing. Anderson v. State, 130 P.3d 273, 283 (Okla. Crim. App. 2006). The Anderson court, however, specified that its holding was prospective and did not apply to "cases before this decision." Id.

There is no federal requirement for instructing jurors about parole eligibility in a non-capital case, and when Petitioner was tried, Oklahoma law did not require such an instruction. See O'Neal v. Province, 415 Fed. Appx. 921, 925 (10th Cir. 2011) (unpublished)[2] (citing Anderson, 130 P.3d at 283)); Cheadle v. Dinwiddie, 278 Fed. Appx. 820, 823 (10th Cir. 2008) (unpublished) ("Although

---

[2]This and other unpublished opinions cited for persuasive value.  See 10th Cir. R. 32.1(A).

the OCCA recently changed its position with regard to whether the jury can be instructed on how much time a defendant must serve before parole eligibility, that court did not base its change on anything in the United States Constitution, nor did it apply the new rule retroactively."). The trial court's failure to instruct on the 85 percent rule did not render Petitioner's trial fundamentally unfair in a constitutional sense. See Taylor v. Parker, 276 Fed. Appx. 772, 775-76 (10th Cir. 2008) (unpublished) (in a non-capital case, rejecting petitioner's contention that he was entitled to habeas relief because the trial court failed to instruct the jury on Oklahoma's 85 percent rule). Therefore, Petitioner was not denied due process by the trial judge's failure to instruct on the 85% Rule. Appellate counsel's omission of this substantive due process claim does not rise to the level of constitutionally ineffective assistance. The OCCA's denial of relief on this claim was not an unreasonable application of Supreme Court precedent. Petitioner is not entitled to habeas corpus relief under § 2254(d).

### d.  failure to allege bias of trial judge

Petitioner claims that appellate counsel provided ineffective assistance in failing to argue that the trial judge showed prejudice against him. In support of this claim, he points to the trial judge's failure to give jury instructions, as discussed herein above, and claims that the trial judge focused on punishing him "for three incidents during the trial, over a four day period, i.e., outbursts, talking, laughing inappropriately, and 'playing a game' with someone during trial." See Dkt. # 1. Petitioner cannot show that the result of his appeal would have been different had appellate counsel raised this claim. Therefore, he cannot satisfy the Strickland standard or the § 2254(d) standard.

22

### e. generalized claim of failure to request a hearing based on trial inadequacies

As part of ground twelve, Petitioner claims that appellate counsel provided ineffective assistance in failing to request an evidentiary hearing.  According to Petitioner, a hearing was warranted "because there are several issues obvious in the record, but requiring further investigation, development, and litigation," including his sanity at the time of the crime, as well as his competency during the trial, whether he was involved at all, or whether it was his co-defendant who actually committed the acts for which he was convicted.  See Dkt. # 1. Procedures governing supplementation of the appellate record and remand to the district court for an evidentiary hearing are set out in Rule 3.11, Rules of the Court of Criminal Appeals.  Petitioner has failed to identify claims that would have been considered under Rule 3.11(B).  Therefore, appellate counsel did not perform deficiently in failing to request a hearing.  Petitioner cannot satisfy the Strickland standard or the § 2254(d) standard

In summary, Petitioner has not overcome the doubly deferential standard applicable to ineffective assistance of counsel claims and he is not entitled to habeas corpus relief on his claims of ineffective assistance of appellate counsel.

### 8. Cumulative error resulting in an excessive sentence (ground 7)

As his seventh proposition of error, Petitioner claims that the errors during his trial combined to render his seventeen year sentence excessive in violation of his constitutional rights.  See Dkt. # 1.  Petitioner raised a claim of cumulative error on direct appeal.  The OCCA ruled as follows:

> [W]e have reviewed any errors in this case, both singly and cumulatively and find they do not require reversal or sentence modification as none were so egregious or numerous as to have denied Appellant a fair trial. *Williams v. State*, 2001 OK CR 9, ¶ 127, 22 P.3d 702, 732.

(Dkt. # 8, Ex. 3 at 8).

23

In analyzing a cumulative error claim, the proper inquiry "aggregates all the errors that individually might be harmless [and therefore insufficient to require reversal], and it analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." United States v. Wood, 207 F.3d 1222, 1237 (10th Cir. 2000) (quotation omitted). Cumulative error analysis is applicable only where there are two or more actual errors. Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors is not part of the analysis. Le v. Mullin, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing Rivera, 900 F.2d at 1471). Having found no error in this case, the Court finds no basis for a cumulative error analysis. Therefore, Petitioner has failed to demonstrate that the OCCA's rejection of this claim is contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d).  He is not entitled to habeas corpus relief on this ground.

## D.  Procedural Bar (part of ground 8 and grounds 9-11)

Respondent argues that Petitioner's ground 8 claim of ineffective assistance of trial counsel, and grounds 9-11, are procedurally barred from this Court's review as a result of Petitioner's failure to raise those claims on direct appeal.  See # 8. In affirming the state district court's denial of post-conviction relief, the OCCA found as follows:

> A claim which could have been raised on direct appeal, but was not, is waived. *Fowler*, 1995 OK CR 29 at ¶ 2, 896 P.2d at 569; *Fox v. State*, 1994 OK CR 52, ¶ 2, 880 P.2d 383, 385-85; *Johnson v. State*, 1991 OK CR 124, ¶ 4, 823 P.2d 370, 372. Claims which were raised and addressed in previous appeals are barred as *res judicata*. *Fowler*, 1995 OK CR 29 at ¶ 2, 896 P.2d at 569; *Walker v. State*, 1992 OK CR 10, ¶ 6, 826 P.2d 1002, 1004.

(Dkt. # 8, Ex. 5).

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991).  In his reply to Respondent's response, Petitioner concedes that his defaulted claims raised in grounds 8-11 are procedurally barred.  See Dkt. # 12 at ¶ 8. Therefore, the claims shall be denied on that basis without further discussion.

**E.  Certificate of appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935 (10th Cir. 2004). As to those claims denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of the petition on procedural grounds was debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## CONCLUSION

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus (Dkt. #1) is **denied**. The "motion seeking status update" (Dkt. # 17) is **declared moot**. A separate judgment shall be entered in this matter. A certificate of appealability is **denied**.

**DATED** this 25th day of April, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE